UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                        Case No. 05-CR-25

JAMONE DANTE CLARK,
a/k/a JAMONE D. CLARK,

    Defendant.

**RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS**

On January 19, 2005, Jamone Dante Clark ("Clark") was named as the defendant in a one count indictment returned by a grand jury sitting in the Eastern District of Wisconsin. Clark is charged with one count of possession of two firearms by a convicted felon in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On January 18, 2005, Clark was arraigned on the charge and entered a plea of not guilty.

A pretrial motion schedule was issued at the time of Clark's arraignment. Under the terms of that order, all pretrial motions were to be filed no later than February 17, 2005. However, on March 5, 2005, the defendant filed a motion to suppress evidence, along with a motion to file such motion *instanter*. The defendant's motion to file his motion to suppress *instanter* was granted. On March 29, 2005, an evidentiary hearing was conducted on the defendant's motion to suppress. Thereafter, the parties filed legal briefs in support of their respective positions on the defendant's motion. The defendant's motion to suppress is now fully briefed and is ready for resolution. For the reasons which follow, it is recommended that the defendant's motion be denied.

As stated, an evidentiary hearing was conducted on the defendant's motion. Only one witness testified: Glendale Police Officer Patrick Costigan ("Costigan"). In their respective briefs, the parties accurately set forth the material facts surrounding the stop of the automobile being driven by the defendant, the search of the same, and the arrest of Clark.

On July 11, 2004, at 5:17 p.m., City of Glendale police officers were dispatched to a Sprint Cellular Telephone store, located in the area of the 5500 block of North Port Washington Road, to a battery in progress. Dispatch advised that the suspect fled southbound on Port Washington Road in a maroon colored 1980's Cadillac. A short time thereafter, Costigan observed a Cadillac which matched the suspect vehicle at the intersection of West Hampton Avenue and North Green Bay Avenue. Costigan advised dispatch that he was behind a vehicle that matched the description of the suspect vehicle and that its license plate number was 645 HFF. Costigan initiated a traffic stop and the suspect vehicle pulled over in the 4700 block of North Green Bay Avenue. Costigan parked his squad approximately one car length behind the suspect vehicle (i.e., Clark's vehicle).

Costigan was advised by dispatch that the vehicle was listed to a 1987 four door Cadillac and to a Jamone Clark. Officer Eichhorn, arrived on the scene as backup. Another officer, Officer Metz, advised Costigan by police radio that "the suspect was a Jamone Clark and he needed to be taken into custody for battery." (Tr. 10.) Officer Metz did not provide any other specifics as to why Clark should be arrested.

After Costigan approached the vehicle, the driver identified himself as Jamone Clark. Costigan advised Clark to exit the vehicle and proceed to the rear of the vehicle. Costigan asked Clark if he had been at the Sprint store and had gotten into an argument with his girlfriend. Clark admitted to Costigan that he, Clark, had gotten into an argument with his girlfriend at the Sprint

store. At that point, Costigan handcuffed Clark behind his back. Costigan conducted a search of Clark's person and found nothing unlawful or illegal. Costigan then placed Clark, handcuffed, in the rear of his police squad car. The doors of Costigan's squad car lock automatically.

Costigan then proceeded to search the interior of Clark's vehicle. The keys to the vehicle were in the ignition. Under the driver's seat Costigan discovered and seized a Bryco Arms/Jennings 9 millimeter handgun. In the unlocked glove box Costigan discovered and seized a Smith & Wesson .38 caliber handgun. Costigan acknowledged that his search of Clark's vehicle was without a warrant and without Clark's consent.

After completing his search, Costigan locked Clark's vehicle and then transported Clark and the seized handguns to the Glendale police station.

Costigan testified that Clark had been cooperative, compliant, and made no attempt to resist arrest. Costigan also testified that Clark made no effort to flee the scene.

To begin, the defendant does not challenge either the basis of his stop or his subsequent arrest by Costigan. (*See* Def's Br. at 4 n.1.) Instead, he argues that Costigan's search of Clark's vehicle was in violation of Clark's Fourth Amendment right to be free of unreasonable searches and seizures. More precisely, Clark argues that "the evidence was obtained in violation of the Fourth Amendment – an unlawful and non-consensual, warrantless search of a vehicle incident to arrest." (Def.'s Br. at 4.)

The defendant's motion to suppress must be denied in light of the United States Supreme Court's holding in *New York v. Belton*, 453 U.S. 454 (1981). In *Belton*, the Supreme Court expressly held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that

3

automobile." *Belton*, 453 U.S. at 460. That is precisely what occurred in the case at bar. Costigan placed Clark into custody by handcuffing him and then placing him in the rear seat of his squad. Costigan then immediately searched the passenger compartment of Clark's automobile, discovering in the process the two firearms that Clark is charged with having possessed.

Clark notes that in the case of *Thornton v. United States*, 124 S. Ct. 2127 (2004), the petitioner had argued that a *Belton*-type search should be limited to "recent occupants" who are within "reaching distance" of the vehicle. Clark then asserts that he "adopts the same argument made by petitioner" in *Thornton*, and adds, *inter alia*, that "when Officer Costigan searched his vehicle he was not within reaching distance because he was handcuffed and detained in a locked police squad." (Def's Br. at 6.)

Regardless of what logical appeal Clark's argument might have, the simple fact remains that in *Thornton* the Supreme Court made clear that it was not retreating from its holding in *Belton*. Specifically, the court stated:

> To be sure, not all contraband in the passenger compartment is likely to be readily accessible to a "recent occupant." It is unlikely in this case that petitioner could have reached under the driver's seat for his gun once he was outside of his automobile. But the firearm and the passenger compartment in general were no more inaccessible than were the contraband and the passenger compartment in *Belton*. The need for a clear rule, readily understood by police officers and not depending on differing estimates of what items were or were not within reach of an arrestee at any particular moment, justifies the sort of generalization which *Belton* enunciated. Once an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment.

*Thornton*, 124 S. Ct. at 2132; *see also United States v. Woody*, 55 F.3d 1257, 1269 (7th Cir. 1995) ("The search of the locked glove compartment was reasonable despite the fact that it occurred while Woody sat handcuffed in the back seat of the patrol car and while Officer Sytar held the two

4

passengers under his control at the side of the road."). In light of the foregoing, it follows that the defendant's motion to suppress must be denied.

**NOW THEREFORE IT IS RECOMMENDED** that the defendant's motion to suppress be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this  25th  day of April 2005, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
